Edward BARKER, Appellant,

v.

The STATE OF OHIO, Appellee.

No. 15444.

United States Court of Appeals
Sixth Circuit.

April 15, 1964.

Louis Stokes, Cleveland, Ohio, for appellant.

William B. Saxbe, Atty. Gen. of Ohio, John Cianflona, William C. Baird, Asst. Attys. Gen. of Ohio, Columbus, Ohio, for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

On March 9, 1964, 6 Cir., 328 F.2d 582, we affirmed the judgment of the District Court dismissing appellant's petition for writ of habeas corpus, stating the reasons therefor in an opinion handed down at the same time.

Appellant's present petition for rehearing presents a new contention that he was not granted a hearing in the District Court and was not represented by counsel in that Court.

■ The issue raised by the petition for habeas corpus was purely a legal one. No hearing was required. United States, ex rel. Burage v. Pate, 316 F.2d 582, C.A.7th; Jackson v. Steiner, 261 F.2d 447, 448, C.A.4th; Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F.2d 686, 689, cert. denied, 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567.

The orders herein appealed from were entered on December 26, 1962, and February 13, 1963. The record contains a letter dated November 30, 1962, to the District Judge from a Cleveland attorney stating in part, "Please be advised that I will represent the above captioned petitioner in his hearing on Writ of Habeas Corpus filed in your court." The record does not show that he thereafter withdrew from the case. In fact, said attorney appeared for the petitioner in this appeal and made oral argument on his behalf.

■ In addition, it has been many times held that the constitutional right to counsel in criminal prosecutions provided by the Sixth Amendment does not apply to an application for a writ of habeas corpus, which is a civil proceeding. Collins v. Heinze, 217 F.2d 62, C.A.9th, cert denied, 349 U.S. 940, 75

S.Ct. 786, 99 L.Ed. 1268; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 877, cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; Graeber v. Schneckloth, 241 F.2d 710, C.A.9th; Stidham v. United States, 170 F.2d 294, 297, C.A. 8th. See also: Gilpin v. United States, 265 F.2d 203, 204, C.A.6th; McCartney v. United States, 311 F.2d 475, C.A.7th, cert. denied, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068; Crowe v. United States, 175 F.2d 799, 801, C.A.4th, cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, rehearing denied, 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341; Richardson v. United States, 199 F.2d 333, 335, C.A.10th.

Appellant's petition for rehearing is denied.