**Raphael URCIOLO, Appellant,**

v.

**Jean Rose URCIOLO, et al., Appellees.**

**No. 80–999.**

District of Columbia Court of Appeals.

Argued March 11, 1982.

Decided July 28, 1982.

---

Michael Ross and Sylvia D. Ross, Washington, D. C., for appellant.

Ronald L. Ogens, Bethesda, Md., with whom Lawrence H. Fisher, Worcester, Mass., was on the brief for appellees.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEWMAN, Chief Judge:

This is an appeal from the Superior Court's refusal to permit counsel to appear on behalf of an otherwise pro se litigant for the limited purpose of arguing a motion. Appellant claims that this court has jurisdiction to entertain his appeal and that the lower court's refusal to allow his chosen counsel to appear on his behalf constituted an abuse of discretion.[1] We agree and thus vacate the trial judge's order and remand for a new hearing.

I

The plaintiffs below sued appellant and his brother as co-trustees, alleging their failure to account and convey to them as beneficiaries certain real property held under trust. The plaintiffs also alleged conspiracy between the co-trustees and certain management and real estate companies regarding the sale of the trust property.

Appellant failed to answer the complaint in a timely manner and, on April 3, 1980, a default was entered against him. Proceeding pro se, appellant[2] filed a Motion to Vacate the Default pursuant to Super.Ct. Civ.R. 55(c) and requested a hearing on the motion. After the hearing date had been set, Josiah Lyman, Esq., filed a praecipe entering his appearance on appellant's behalf. At Lyman's request, appellee consented to two different continuances of the hearing.

On the morning of the actual hearing, July 16, 1980, Lyman presented to the court a Motion for Leave to Withdraw as counsel for appellant. See Super.Ct.Civ.R. 101(c). Appellant was not present at the hearing, but Mr. Lyman indicated that appellant had requested his withdrawal due to "total misunderstanding." Present at this time was another attorney, Ernest Trakas, who represented to the court that he intended to appear on appellant's behalf after Lyman's withdrawal. However, Trakas made it

1. Appellant also argues that, consistent with due process, the trial court cannot refuse counsel of appellant's choice to appear on his behalf for the limited purpose of arguing a motion. Given our disposition of the abuse of discretion issue raised by appellant, we need not reach this constitutional issue.

2. Although on inactive status, appellant is a member of the bar of this court.

clear that he was appearing for the limited purpose of representing appellant on the motion then set for hearing; that he was not authorized to appear generally as attorney of record. Trakas indicated that appellant intended to proceed pro se in defending this action, but because appellant was unavoidably out of the country, he had been requested to represent appellant simply for the purpose of arguing the Motion to Vacate the Default.

Appellees' counsel entered no objection to allowing Lyman to withdraw after Trakas entered an appearance. However, appellees' counsel objected to allowing Trakas to appear for the sole purpose of arguing the motion. Appellees' counsel suggested that Trakas be required to enter his appearance as counsel of record and later attempt to withdraw according to the rules on withdrawal.

The trial court granted Lyman's Motion to Withdraw and only thereafter addressed Trakas. The court presented Trakas with the option of either entering an appearance without limitation or having the Motion to Vacate the Default considered as submitted on its pleadings. Since Trakas was not authorized to enter his appearance as counsel of record and thus refused to do so, he was twice denied any opportunity to speak in favor of appellant's motion. However, the court allowed appellees' counsel to be heard before denying the motion.[3]

## II

■ We must first determine whether we have jurisdiction to decide the appeal. This court has jurisdiction to review all final orders and judgments of the Superior Court. D.C.Code 1981, § 11–721(a)(1). For purposes of review, an order is final only if it "disposes of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." *McBryde v. Metropolitan Life Insurance Co.*, D.C.App., 221 A.2d

718, 720 (1966). *See also Trilon Plaza Company v. Allstate Leasing Corp.*, D.C.App., 399 A.2d 34, 36 (1979). "To be reviewable, a judgment or decree must not only be final but also complete, that is, final not only as to all parties, but as to the whole subject matter and all the causes of action involved." *District of Columbia v. Davis*, D.C.App., 386 A.2d 1195, 1198 (1978).

Appellant concedes that the present appeal does not meet the terms of D.C.Code 1981, § 11–721. Rather, he relies on an exception to the finality rule known as the collateral order doctrine. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court ruled that orders that are not final could be appealable if they

fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. [*Cohen, supra* at 546, 69 S.Ct. at 1225.]

*See also United States v. Harrod*, D.C.App., 428 A.2d 30, 32 (1981) (en banc); 9 Moore's Federal Practice ¶ 110.10 (2d ed. 1980).

More recently, in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), the Court ruled that the collateral order doctrine applies to a limited class of orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment."

■ Appellant meets the test for appealability established by the collateral order doctrine. First, the trial court conclusively determined the disputed question: whether Trakas could enter an appearance for the limited purpose of arguing appellant's motion when appellant was absent and unable

3. Super.Ct.Civ.R. 12–1(g) accords the trial court discretion to hear argument on behalf of a party appearing either in favor of or in opposition to a motion, where the other party fails

to appear. In this case, the trial court allowed appellees to argue after ruling, in essence, that the moving party had failed to appear.

to represent himself. Second, this issue of representation was completely separate from the merits of appellant's Motion to Vacate the Default. While the refusal to allow Trakas to argue on behalf of the motion possibly affected the motion's disposition, the oral order denying his appearance was not a necessary predicate to the final disposition of the merits of appellant's motion. Third, this appeal involves a question of law of general importance beyond the immediate concerns of these litigants.

Finally, the trial court's decision is effectively unreviewable on appeal after final judgment. To a significant extent, the order under consideration in this case is analogous to an order granting a motion to disqualify counsel, which is appealable as a collateral order.[4] Where a party's counsel of choice is disqualified, the possibility of obtaining relief on appeal from final judgment is, as a practical matter, very limited. If the party wins after counsel is disqualified, the disqualification is probably moot despite the cost that disqualification imposes on the party. If the party loses after counsel is disqualified, correcting the erroneous disqualification after judgment will probably require the party to meet the almost insurmountable burden of establishing that he was prejudiced by the forced change of counsel; that he lost because of replacement counsel. By the same token, the power of this court to correct after judgment an erroneous refusal of counsel's appearance is, practically speaking, very limited. While the question is legally reviewable at that time, the right to be represented at the hearing by counsel is of little value to appellant if not vindicated prior to final judgment. We must conclude that the question appellant presents is "effectively unreviewable" on appeal from a final judgment.

Thus, the oral order considered in this case falls within the narrow exception to the final judgment rule announced in *Cohen* and recognized in subsequent cases. We have jurisdiction to hear this appeal and turn to a consideration of the merits of appellant's claim.

### III

We hold that the trial court has the discretionary authority to permit counsel, retained by a pro se litigant, to appear in a short-lived capacity and for a particular purpose such as arguing a motion in the litigant's absence. It is true that the rules governing the entry of an appearance by counsel do not explicitly provide for a "limited" or special purpose appearance as sought by Trakas on his client's behalf in this case. Super.Ct.Civ.R. 101(b)(1) provides only that an eligible attorney may appear by filing a written praecipe. There is no mention of an allowance for limitations on the praecipe's purpose or duration. However, the rules governing the with-

4. We have previously held that an order disqualifying counsel is immediately appealable under the *Cohen* doctrine. *American Archives v. Bittenbender*, D.C.App., 345 A.2d 487, 490 (1975). We note that while the Supreme Court has ruled that a pretrial order *denying* a motion to disqualify counsel in a civil case is not appealable under *Cohen*, the Court declined to rule on whether pretrial orders *granting* motions to disqualify are appealable under *Cohen. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Courts which have considered this latter question subsequent to *Firestone* are agreed that orders granting disqualification motions are appealable collateral orders. *See, e.g., In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 558 F.2d 1355, 1358 (9th Cir. 1981); *Glueck v. Jonathan Logan, Inc.,* 653 F.2d 746, 748 (2d Cir. 1981); *Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526, 528 (5th Cir. 1981); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020, 1024–27 (5th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981). See also the following pre-*Firestone* decisions distinguishing between orders granting and orders denying disqualification motions. *Armstrong v. McAlpin*, 625 F.2d 433, 441–42 (2d Cir. 1980) (en banc), *vacated on other grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981); *In re Multi-Piece Rim Products Liability Litigation*, 612 F.2d 377, 378 (8th Cir. 1980), *vacated sub nom. Firestone Tire & Rubber Co. v. Risjord, supra; General Electric Co. v. Valeron Corp.,* 608 F.2d 265, 266–67 (6th Cir. 1979), *cert. denied,* 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).

drawal of an appearance give the court discretion to grant an attorney's motion for leave to withdraw a previously entered appearance[5] at any stage of the proceedings. In the instant case, the court could have granted an appearance, allowed Trakas to argue the motion, and granted an immediate withdrawal. Where appellant, an attorney, simply sought to have the motion argued without further delay under the circumstances where no frustration of the purposes of Rule 101(c)(4) appears, we view it an abuse of discretion to disallow such a practice. The rules governing the appearance and withdrawal of counsel are designed to promote rather than frustrate the interests of fundamental justice.

## IV

Because the trial court abused its discretion in denying appellant the right to have counsel appear on his behalf to argue his motion, the trial court's order denying appellant's Motion to Vacate the Default must be vacated. The trial court is hereby ordered to reschedule the Motion to Vacate the Default for rehearing.

*So Ordered.*

---

**5.** Super.Ct.Civ.R. 101(c)(4) provides that the court may deny an attorney's motion to withdraw if the trial judge finds withdrawal would unduly delay the trial, be unduly prejudicial to a party, or not be in the interests of justice. Thus, while the trial court is not required to grant withdrawal, since there was neither any indication of prejudice to the parties nor delay in this case, the legitimate purposes underlying the rule would not have been undermined by granting appellant counsel's request.