Francis Jarad SCHULTZ, Petitioner,

v.

Louie L. WAINWRIGHT and Jim Smith, Respondents.

No. 82–5633
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 28, 1983.

Francis Jarad Schultz, pro se.

Robert J. Landry, Asst. Atty. Gen., State of Fla., Tampa, Fla., for respondents.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Francis Jarad Schultz, a Florida state prisoner convicted of grand theft, appeals the denial of his petition for a writ of habeas corpus, claiming that he lacked effective assistance of counsel at trial because his attorney made an untimely, procedurally defective, oral motion for disqualification of the state court judge, rather than a written motion accompanied by two supporting affidavits as required by Fla.R. Crim.P. 3.230. We affirm.

To obtain habeas relief based on ineffective assistance of counsel, a petitioner must demonstrate prejudice to himself. *See Washington v. Strickland,* 693 F.2d 1243, 1258 (5th Cir., Unit B, 1982) (en banc). To establish prejudice, a habeas petitioner must show that ineffective counsel "resulted in actual and substantial disadvantage to the course of his defense." *Id.* at 1262.

Here, Schultz has not shown that a timely, written motion for disqualification would have succeeded. Under Florida law, bare allegations of bias are insufficient for disqualification. *State ex rel. Aguiar v. Chappell,* 344 So.2d 925, 926 (Fla.Dist.Ct. App.1977); *see Wilson v. Renfroe,* 91 So.2d 857, 860 (Fla.1956) (defendant must tender some factual foundation for assertion of fear of judge's being biased). The only evidence of bias proferred by Schultz is that prior to his trial he had filed two civil rights suits against the trial judge, who had given Schultz in a previous criminal case a sentence the petitioner considered excessive. The two suits and criminal sentence do not establish personal bias under federal law. *See Wilkerson v. United States,* 591 F.2d 1046, 1047 (5th Cir.1979) (judge could conduct trial even though he had presided over a prior trial in which defendant was convicted of a felony); *Hodgdon v. United States,* 365 F.2d 679, 686 (8th Cir.1966), *cert. denied,* 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967) (judge could preside over trial even though defendants had filed unrelated litigation against the court).

Even if the judge would not have presided had counsel satisfied the procedural requirements for a disqualification motion, Schultz has not alleged how the presence of this particular judge in anyway adversely affected his jury trial. There is not a single claim, let alone any evidence in the record, of any improper action by the judge during trial. *See Hodgdon v. United States,* 365 F.2d at 686 (pointing to the judge's fairness at trial in rejecting argument on appeal that he should not have presided over the trial). Under these circumstances, Schultz has not satisfied his burden to establish that the ineffectiveness of counsel, if any, actually and substantially disadvantaged his case. *Washington v. Strickland,* 693 F.2d at 1258, 1262.

Schultz claims the district court should have granted him an evidentiary hearing and appointed counsel. An evidentiary hearing is not required where, as here, the district court can determine the merits of the ineffectiveness claim based on the existing record. *Dickson v. Wainwright,* 683 F.2d 348, 351 (11th Cir.1982); *see Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir.1981), *cert. denied,* 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982). The burden is on the habeas petitioner to show the necessity for a hearing. *Dickson v. Wainwright,* 683 F.2d at 351; *Baldwin v. Blackburn,* 653 F.2d at 947. He cannot establish the requisite factual dispute, as Schultz has attempted to do in this case, by relying on "speculative and inconcrete claims." *Dickson v. Wainwright,* 683 F.2d at 351; *Baldwin v. Blackburn,* 653 F.2d at 947.

Counsel must be appointed for an indigent federal habeas petitioner only when the interests of justice or due process so require. 18 U.S.C.A. § 3006A(g); *Norris v. Wainwright,* 588 F.2d 130, 133 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). Since the habeas corpus petition lacked merit, the district court properly could decide not to conduct a hearing or appoint counsel.

AFFIRMED.