**Arthur HAMMOND, Appellant,**

v.

**Joan Elizabeth WEEKES, Appellee.**

**Nos. 91–CV–1092 & 91–CV–1128.**

District of Columbia Court of Appeals.

Argued Jan. 27, 1993.
Decided March 12, 1993.

A. Palmer Ifill, for appellant.

Donald P. Maiberger, for appellee.

Before FERREN and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

FERREN, Associate Judge:

The trial court dismissed appellant's tort action for lack of prosecution. Appellant—who was incarcerated in Tennessee for a criminal offense at the time the court dismissed this case—contends the trial court erred (1) in denying his motion for waiver of costs, (2) in refusing to grant his petition for a writ of *habeas corpus ad testificandum,* and (3) in denying his motion for continuance.[1] We dismiss the appeal in No. 91–CV–1092 for lack of jurisdiction and affirm the judgment appealed from in No. 91–CV–1128.

I.

On June 17, 1986, appellant, Arthur Hammond, who was riding a motorcycle, collided with an automobile driven by appellee, Joan Elizabeth Weekes. On June 14, 1989, Hammond filed a complaint against Weekes alleging negligence and seeking damages for the injuries he sustained in the collision. On February 1, 1990, the motions judge denied Hammond's request for partial summary judgment on the issue of Weekes's negligence.

On July 3, 1990, Hammond was incarcerated because of a criminal conviction for robbery. Although the trial in the present case was originally set for October 9, 1990, and Hammond was brought up from Lorton Reformatory for that purpose, the case was not reached that day and was eventually rescheduled for September 23, 1991. In the interim, Hammond was transferred to the West Tennessee Detention Facility in Mason, Tennessee. On September 9, Hammond applied for a writ of *habeas corpus ad testificandum* to assure his presence at trial, but the trial judge's law clerk called Hammond's counsel to advise "that unless

1. Appellant also contends the trial court erred in denying his motion for partial summary judgment. His contention fails because, according to the general rule applicable here, a denial of a motion for summary judgment is not reviewable on appeal, either during trial, *see, e.g., Kuder v. United Nat'l Bank,* 497 A.2d 1105, 1108 (D.C. 1985) ("Normally, denials of summary judgment are not appealable since they are not final judgments."), or after trial, *Morgan v. American*

*Univ.,* 534 A.2d 323, 328–29 (D.C.1987). Although here, in contrast with the situation in *Morgan,* the issue on which partial summary judgment was denied was never resolved at trial because Hammond's suit was dismissed for want of prosecution, we conclude that holding a partial denial of summary judgment unreviewable under these circumstances "in no way prejudices [Hammond's] substantive rights." *Id.* at 327.

[someone on behalf of Hammond] made financial arrangements with a marshal to transport Mr. Hammond, [the trial judge] was not signing the writ." As a result, on September 16 Hammond filed a motion for waiver of costs asking the court, in particular, to waive any prepayment to the marshal service for transporting him from Tennessee. The trial court denied the motion for waiver of costs the next day. Hammond appealed that order (No. 91–CV–1092) on Friday, September 20 and also filed a motion for continuance of the trial, scheduled for Monday, September 23.

On the day of trial, the trial judge considered the motion for continuance. When the trial judge stated that the issue of waiver of costs for Hammond's transportation was "the only issue [that he was] aware that [he had] ruled on," Hammond's counsel asserted that the motion for waiver of costs included a request "for relief in terms of allowing [Hammond] ... fees for attendance of [other] witnesses." Weekes's counsel, arguing that the trial court's order denying Hammond's motion for waiver of costs was not appealable, opposed Hammond's motion for continuance and asked the court to dismiss the case if Hammond's counsel was not ready to proceed. Hammond's counsel responded that the denial of the motion for waiver of costs had prevented the subpoena of several local witnesses for financial reasons. The trial judge replied, "I don't know how you're going to assure the availability of those local witnesses if no attempt is made to subpoena them other than the week before the trial." Hammond's counsel then added that he understood from his co-counsel that "there were subpoenas issued ... to several witnesses." As a result of this exchange, the trial judge partially rescinded his denial of Hammond's motion for waiver of costs:

I have enough information [to] grant Mr. Hammond's waiver as far as those local witnesses and witness fees and mil[e]age as required by court rule. And I'll give you a da[y] to get those witnesses under subpoena[;] otherwise, if they're not under subpoena by tomorrow, then that will bring us to the point raised by counsel for [Weekes as] to whether or not this matter should be dismissed for [want] of prosecution.

It seems to me the real issue is not witness fees for these local witnesses. It sounds to me as if you have not been able [to] locate these witnesses or no effort was made to subpoena these witnesses before now.

Hammond's counsel declared that he was still troubled because he had "no authority from Mr. Hammond to proceed in this case without his presence," but if the case was continued to the next day he "would attempt to contact Mr. Hammond where he is incarcerated and ask that he place a call back to [his counsel indicating] whether or not he would wish to have this matter proceed in his absence." The trial court then continued the case until the next morning.

The next day Hammond's counsel reported that he was "unable ... to have Mr. Hammond contact [him] as to whether [counsel could] go forward without him." The attorney further stated that he had consulted with separate counsel on the question of his "responsibility and protective liability": "I was informed that if I went ahead without Mr. Hammond's permission and he won the case, fine, then go right ahead. And if I was unsuccessful, then he can sue me and recover damages against me." Hammond's counsel then concluded that he was "unable to go forward ... without Mr. Hammond's consent," because he could not "waive his presence," and he again asked the trial court to continue the case until this court could decide the pending appeal.

When the trial judge inquired where the situation would stand if the Court of Appeals determined it had no jurisdiction to hear such an appeal, Hammond's counsel indicated that the question of the writ of *habeas corpus ad testificandum* to authorize Hammond's presence at trial would still remain. In response to the trial judge's observation that Hammond's counsel did not seem to be "saying that the plaintiff will take financial responsibility" for transporting Hammond, Hammond's

counsel invoked the authority of *Robinson v. Howard Univ.*, 455 A.2d 1363 (D.C.1983), for the proposition that the trial court could make a conditional grant waiving Hammond's transportation costs. Under such a scheme, the court would waive prepayment of the costs, but Hammond would either repay the District out of his recovery from the suit or "continue his liability for that sum" upon his release from prison. The trial judge refused to deem the proposed plan a satisfactory financial arrangement, declaring that it "ignore[d] the determination [he had] made that [he would] not order the Marshal Service to transport Mr. Hammond without satisfactory ... arrangements being made to pay those costs." Hammond's counsel represented to the trial court that the cost of transporting Hammond would be approximately $2,000 to $3,000, a cost that counsel was unwilling to carry in addition to the other costs already incurred, because it was unforeseen at the time the suit began. The trial court noted that Hammond's counsel was "not obligated under the law to carry that type of cost in terms of transporting him back to the District." When Weekes's counsel renewed the objection to continuing the case until Hammond's release from prison, the trial court granted the motion to dismiss the case for want of prosecution.

The same day Weekes filed a motion asking this court to dismiss Hammond's appeal (No. 91–CV–1092) of the trial court's order of September 17 denying waiver of costs. On September 27, 1991, Hammond filed a second appeal (No. 91–CV–1128), addressing both the denial of waiver of costs and the dismissal of his lawsuit. At oral argument, Hammond's counsel informed this court that Hammond has now returned to this area.

## II.

██ Hammond contends that, when he filed his first appeal, the trial court lost jurisdiction to dismiss his suit. Although a motions division of this court denied Weekes's motion to dismiss Hammond's first appeal on November 26, 1991, that action does not prevent a merits division from holding that Hammond's first appeal was premature. *See District of Columbia v. Trustees of Amherst College*, 499 A.2d 918, 920 (D.C.1985) (denial of motion to dismiss by motions division does not bind subsequently assigned merits division unless the denial is explicitly "with prejudice").

██ In general, a "trial court loses jurisdiction to proceed with a case when a notice of appeal is filed." *Arthur v. Arthur*, 452 A.2d 160, 162 (D.C.1982) (citations omitted). Under certain limited circumstances, however, a trial court may be justified in proceeding even after an appeal is filed.

> Of course, it is for this court, not the trial court, to make the ultimate determination as to the jurisdictional effect of the filing of a notice of appeal. However, where it is plain that the notice of appeal is a premature act or otherwise untimely (as from a nonappealable order), the trial court may proceed with pending matters in the case. If the appellant wishes to test the authority to proceed, he may seek a writ of prohibition.

*Carter v. Cathedral Ave. Coop., Inc.*, 532 A.2d 681, 684 (D.C.1987) (citations omitted). Moreover, the rules about when a trial court may proceed after an appeal has been filed are "judge-made, designed to avoid the confusion and waste of time that might flow from having two courts deal with a single case at the same time." *Id.* at 684 n. 7. These rules, therefore, are "subject to a common-sense flexibility in application." *Id.; see, e.g., Aurell v. Furst*, 539 A.2d 1081 (D.C.1988) (allowing trial court to continue pretrial proceedings notwithstanding pending interlocutory appeal from denial of motion to dismiss on ground of forum non conveniens); *cf. Horton v. United States*, 591 A.2d 1280, 1283–84 & n. 7 (D.C.1991) (trial court action purporting to vacate an order from which an appeal had been filed and was still pending before appellate court improper where it was insufficiently "plain" that appeal was premature or otherwise untimely).

■ While Hammond does not argue that the trial court's denial of his motion for waiver of costs was a final order entitled to review in this court under D.C.Code § 11–721(a)(1) (1989 Repl.), he does claim that. it qualified for interlocutory review under the collateral order doctrine, originated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and refined in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). We do not agree. In choosing to follow the *Cohen* doctrine, this court—like the Supreme Court—has "emphasized that the requirements of the doctrine are difficult to satisfy." *Scott v. Jackson*, 596 A.2d 523, 528 (D.C.1991) (citation omitted) (finding no appellate jurisdiction for interlocutory review of pretrial order requiring discovery under the "extraordinary necessity" exception to the statutory peer review privilege governing certain medical records).

> To come within this narrow exception ... a trial court order must, at a minimum, meet three conditions. First, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; third, it must be effectively unreviewable on appeal from a final judgment.

*Id.* (citations omitted). "The doctrine allows appeal only of 'orders affecting rights that will be irretrievably lost in the absence of an immediate appeal.'" *Id.* (quoting *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)); *see, e.g., United Methodist Church v. White*, 571 A.2d 790 (D.C. 1990) (finding appellate jurisdiction for interlocutory review of denial of motion to

dismiss on grounds of constitutional immunity).

In an early application of the *Cohen* doctrine, decided long before the refinement of the three-part test in *Coopers & Lybrand,* the Supreme Court held that "[t]he denial by a [Federal] District Judge of a motion to proceed *in forma pauperis* is an appealable order." *Roberts v. United States District Court*, 339 U.S. 844, 845, 70 S.Ct. 954, 955, 94 L.Ed. 1326 (1950) (citations omitted).[2] In *Roberts*, however, denial of the motion had the effect of a final order. Likewise, this court has considered appeals of a trial court's denial of a motion to proceed *in forma pauperis* when the denial had the effect of a final order. *See, e.g., Lewis v. Fulwood*, 569 A.2d 594 (D.C.1990); *Green v. Green*, 562 A.2d 1214 (D.C.1989); *Cabillo v. Cabillo*, 317 A.2d 866 (D.C.1974). Absent *in forma pauperis* status, such cases simply could not go forward at all, with "appellants ... effectively barred from proceeding." *Cabillo*, 317 A.2d at 866. A recent case decided by the United States Court of Appeals for the Eleventh Circuit has explained how a denial of leave to proceed *in forma pauperis* has the effect of a final order and thus fits the three-part test:

> If not granted in forma pauperis status, an indigent litigant is barred from proceeding at all in district court. Thus, the denial of leave to proceed in forma pauperis is "effectively unreviewable on appeal from a final judgment," as there will be no final judgment from which to appeal.

*Holt v. Ford*, 862 F.2d 850, 854 n. 8 (11th Cir.1989) (quoting *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2457).

In *Jenkins v. United States*, 548 A.2d 102 (D.C.1988), this court has applied the three-part test to distinguish the situation

---

2. Although this court is not bound by Supreme Court decisions on questions concerning applications of the *Cohen* doctrine, we nonetheless usually find the Court's reasoning persuasive. *See In re Estate of Chuong*, No. 89–PR–1511, —— A.2d —— (D.C. March 2, 1993) (en banc) (following *Richardson–Merrell* in holding that an order disqualifying counsel in a civil case is not immediately appealable under the collateral order doctrine, overruling *Urciolo v. Urciolo*, 449

A.2d 287 (D.C.1982), and *American Archives' Counsel v. Bittenbender*, 345 A.2d 487 (D.C. 1975)). *But compare Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (no appeal under *Cohen* doctrine of order denying motion to dismiss on forum non conveniens grounds) *with Dunkwu v. Neville*, 575 A.2d 293, 294 n. 1 (D.C.1990) (denial of a motion to dismiss on grounds of forum non conveniens is an appealable order).

in cases like *Roberts* from those where an indigent litigant requests additional assistance, not formally included within the realm of *in forma pauperis* relief. We dismissed an appeal from denial of a motion for appointment of counsel to pursue a collateral attack on appellant's conviction. In doing so we distinguished the situation from the usual denial of a motion to proceed *in forma pauperis:*

> [U]nlike appellant's request for appointment of counsel to pursue a § 23–110 motion, ... a prisoner's right to proceed *in forma pauperis* must be finally resolved before the related claims can even be filed. While we accept the proposition that an indigent prisoner, without counsel, will be able to file a motion collaterally attacking a conviction, we note that *in forma pauperis* statutes are premised on the notion that an indigent prisoner will never be able to muster the necessary court costs, and thus will not be able to file a claim at all, if the motion to proceed *in forma pauperis* is improperly denied.

*Id.* at 108 n. 6. *But see Flowers v. Turbine Support Division,* 507 F.2d 1242 (5th Cir.1975) (following *Roberts* in applying *Cohen* doctrine, before refinement by *Coopers & Lybrand,* to allow appeal from denial of motion to proceed *in forma pauperis* when indigent litigant could have proceeded but needed waiver of costs to subpoena additional witnesses).

Here, Hammond has not failed to provide filing fees, only the costs of his own transportation to court. Thus, in contrast with the usual situation where denial of a motion for waiver of costs has the effect of a final order since the plaintiff cannot even docket the case, Hammond's counsel could have gone forward by putting on other witnesses if the project of obtaining consent to proceed in Hammond's absence had begun earlier than the day of trial. Even if we assume for the sake of argument that Hammond could satisfy the first two prongs of the *Cohen* test, he clearly fails the third—unlike the indigent litigants who cannot proceed at all once their motions to proceed *in forma pauperis* are denied. If Hammond's counsel had proceeded to trial without him by putting on other witnesses, whether Hammond had ultimately prevailed in his suit against Weekes or not, this court could review the trial court's denial of his motion for waiver of costs after a final judgment without any irretrievable loss of Hammond's rights. Unlike an appellant claiming immunity, for example, whose right "to operate free of judicial scrutiny" cannot be restored once a trial has occurred, *United Methodist Church,* 571 A.2d at 793, Hammond could still pursue his suit against Weekes in a new trial, if one were granted him. Because Hammond's first appeal clearly fails the test for interlocutory review of a collateral order, therefore, the trial court did not lose jurisdiction over his lawsuit.

### III.

Hammond has now returned to the area and would be available for any future trial; thus, his claims concerning the trial court's failure to grant his petition for a writ of *habeas corpus ad testificandum* without financial arrangements for his transportation and its denial of his motion for waiver of those transportation costs are now moot, unless a trial court error on these issues directly caused the dismissal of his suit. *See Vaughn v. United States,* 579 A.2d 170, 175 n. 7 (D.C.1990) (citations omitted) ("[I]t is well-settled that, while an appeal is pending, an event that renders relief impossible or unnecessary also renders that appeal moot.").

> If the party declines to proceed to trial and the court thereupon dismisses his suit for want of prosecution, [an error in] the denial of pauper status will mandate a reversal of the dismissal whenever it appears that denial of the status either prevented the party from proceeding to trial at all or seriously prejudiced his chances to win—unless, of course, there were sufficient, independent grounds for the dismissal.

*Flowers,* 507 F.2d at 1244.

Hammond lays heavy emphasis on the fact that, just before dismissing the case, the trial judge said, "Unfortunately, Mr.

Hammond's presence is required for him to present this case." The context makes clear, however, that the judge made this statement because he was "advised by counsel for" Hammond to that effect. Hammond's counsel refused to proceed with the case not merely because Hammond was not present but because counsel had failed to obtain Hammond's consent to proceed with other witnesses in his absence. Hammond's counsel clearly stated that the reason for his refusal to proceed without Hammond's consent was his fear of being sued by Hammond in case Weekes prevailed after a trial in Hammond's absence. As noted above, Hammond's counsel may well have been able to resolve satisfactorily the question of Hammond's consent if counsel had begun the project of obtaining that consent before the day of trial. Moreover, by proceeding to trial with other witnesses, Hammond's counsel still would have preserved for appeal the issue of possible trial court error in denying the motion for waiver of Hammond's transportation costs. Therefore, we cannot conclude that the trial court's decisions regarding the motion for waiver of costs or the petition for a writ of *habeas corpus ad testificandum* directly caused the dismissal of Hammond's suit.

## IV.

Finally, Hammond contends that the trial court erred in denying his motion for continuance. "Ordinarily, the decision to grant or deny a continuance rests in the sound discretion of the trial court and will not be reversed absent an abuse of that discretion." *Thompson v. Thompson*, 559 A.2d 311, 313 (D.C.1989) (reversible error to deny continuance in criminal contempt proceeding based on defendant's failure to obtain counsel). In *Wolfe v. Fine*, 618 A.2d 169 (D.C.1992), this court vacated a dismissal with prejudice where, among myriad factors, the motion for continuance was filed a number of weeks before the trial date and "the trial court [had] held out a distinct hope that a continuance would be granted if some reasonable hope existed of developing" expert testimony in support of appellant's claim. *Id.* at 174–75. *Wolfe*

distinguished that situation from the circumstances in *Taylor v. Washington Hospital Center*, 407 A.2d 585 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980), where denial of a motion for continuance was warranted by appellant's "failure to move for a continuance until the day of trial and her refusal to proceed to trial when she could have done so ... and then challenged the adverse pretrial rulings on appeal if necessary." *Wolfe*, at 175.

We conclude that Hammond's situation much more nearly resembles that of *Taylor* than that of *Wolfe*. In responding to Hammond's motion for continuance on Monday, September 23, the day scheduled for trial, Weekes's counsel noted that at the pretrial hearing six months earlier in March, the trial judge had suggested to Hammond's counsel "some steps that he [could] undertake to secure the presence of Mr. Hammond for trial," but that Hammond's motion for waiver of costs was not filed until September 16, a week after the petition for the writ of *habeas corpus ad testificandum* had been filed, and that Hammond's motion for a continuance was only filed the previous Friday. The trial judge observed "that there is a defendant in this case who ... has a right to have this matter expeditiously resolved and should not have to wait on Mr. Hammond to be released from jail." The trial judge found "that if this case were to be continued, [Weekes would] have to wait at least two years and maybe longer before the case could be tried before the Court" because of Hammond's incarceration. "Bearing in mind all of the relevant factors, we are satisfied that the court did not abuse its discretion in refusing to grant a continuance, with the court and appellees being ready that day for trial." *Taylor*, 407 A.2d at 595. *See also Rymer v. Pool*, 618 A.2d 165 (D.C.1992) (no abuse of discretion in denying motion for continuance based on unsupported claims of illness of a party and financial inability to appear in person).

## V.

Because Hammond's first appeal was clearly premature, this court does not have

jurisdiction to decide its merits. The appeal in No. 91–CV–1092 is therefore dismissed for lack of jurisdiction. For the reasons stated above, we conclude that the trial court properly dismissed Hammond's suit in No. 91–CV–1128 for want of prosecution. Accordingly, the appeal in No. 91–CV–1092 is dismissed and the judgment on appeal in No. 91–CV–1128 is affirmed.

*So ordered.*