12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael D. HARRIS, Petitioner-Appellant,
v.
Gene BORGERT, Respondent-Appellee.
 No. 93-1267.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 W.D.Mich., No. 91-00287, Quist, J.
 W.D.Mich.
 AFFIRMED.
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Michael D. Harris, pro se, appeals a district court order dismissing his petition for a writ of habeas corpus, which he filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In September of 1983, a jury in Ingham County, Michigan, found Harris guilty of second degree murder in the 1981 strangulation death of a 78-year-old woman. That same year, Harris was also found guilty, after a bench trial, of second degree murder involving the strangulation death of Denise Swanson, another 78-year-old woman, which murder occurred in the same county. In both of these cases, Harris was sentenced to life imprisonment with a recommendation of no parole. His convictions were affirmed by the Michigan state courts. Thereafter, Harris filed a petition for a writ of habeas corpus challenging the evidence introduced at the Swanson trial. Specifically, Harris challenged the evidence used to convict him, the credibility of the prosecution's witnesses, the effectiveness of his counsel, and his sentence. This prior petition was denied on the merits by the district court, on April 12, 1989.
 
 
 3
 Harris then filed the petition now before this court, in which he challenged his September 1983, conviction for the Swanson murder, on the basis that he now has "newly discovered evidence" showing that the fingerprints and other evidence used to convict him was unreliable and not consistent with reports contained within the criminal police investigation which led to his arrest and conviction. The matter was referred to a magistrate judge, who recommended that this second petition be dismissed as a successive petition pursuant to Rule 9(b), Rules Governing Sec. 2254 Cases in the United States District Courts. The district court adopted the report in its entirety, dismissing the petition by order entered February 3, 1993.
 
 
 4
 On appeal, Harris makes the following arguments: 1) Harris's Sixth Amendment right to counsel was denied by the court's failure to appoint him counsel in this habeas action; 2) the police who conducted the criminal investigation leading to his arrest and conviction committed "perjury," and he can prove this fact with evidence he has gathered since the time his original petition was denied, i.e., with a private investigator's report ordered by his family; and 3) the state's evidence is not "credible" and, thus, cannot support his conviction. Harris has also filed a motion for the appointment of counsel, on appeal, and a motion for remand so that the district court may consider this "newly discovered evidence" he now submits to this court.
 
 
 5
 A petition may be dismissed as successive under Rule 9(b), Rules Governing Sec. 2254 Cases, if: 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; 2) the prior determination was on the merits; and 3) the ends of justice would not be served by reaching the merits of the subsequent application. 28 U.S.C. Sec. 2244(a) and (b); Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). A petition may also be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). Even in the case of inexcusable neglect, a court may still review a claim if the petitioner can show cause to excuse his failure to raise the claim and resulting prejudice to his case. McCleskey, 111 S.Ct. at 1470-71. The government bears the burden of pleading an abuse of the writ by stating with particularity the petitioner's prior writ history, identifying the claims that appeared for the first time in this petition and alleging that the petitioner has, indeed, abused the writ. McCleskey, 111 S.Ct. at 1470.
 
 
 6
 Harris's claim that the evidence by the state was not "credible" was presented previously, notwithstanding that it was framed within his argument that the evidence was insufficient to support his conviction. Upon review of the record, it is clear that the evidence is sufficient to allow a rational finder of fact to establish each element of the crime for which Harris was convicted. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). The only new argument Harris now makes is that he has "newly discovered" evidence to show that the identification in this case was improper. However, claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Herrera v. Collins, 113 S.Ct. 853, 860 (1993).
 
 
 7
 Moreover, this is not a case where the ends of justice require a federal court to entertain the successive petition because of a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). In light of all the evidence submitted at Harris's trial, there is not a fair probability that the trier of fact would have entertained a reasonable doubt of guilt. Kuhlmann, 477 U.S. at 454 n. 17. Lastly, Harris has no constitutional right to the appointment of counsel in this habeas action. Barker v. Ohio, 330 F.2d 594, 594 (6th Cir.1964) (per curiam).
 
 
 8
 Accordingly, the district court's order dismissing this petition as successive is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.