Hayhurst v. Timberlake                    CV-94-199-SD   02/13/95
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Donald Hayhurst, N.M.D.


       v.                                    Civil No. 94-199-SD


Robert Timberlake, et al


                              O R D E R


       Seemingly on a daily basis, fresh discovery disputes surface
in this litigation.  This order addresses the issues raised by
yet another of such disputes.

       Defendant AANP moves to (1) quash certain notices of
depositions; (2) require plaintiff to reimburse defendants'
witness Kruzel for the expenses attendant on his deposition; (3)
order that the depositions of plaintiff and Dr. Kruzel be taken
on either March 27, March 28, or March 29, 1995; (4) require that
plaintiff be deposed prior in time to Dr. Kruzel; and (5) require
either that plaintiff's designated "attorney-assistant"[1] be
required to appear in this action or that plaintiff continue his
own appearance pro se at the depositions.  Document 63.  The

_____

       [1]Plaintiff has advised the defendants that he intends to
have Attorney Roger Hooban of Knoxville, Tennessee, assist him at
these depositions.

plaintiff objects.  Document 67.[2]

It is clear from review of these documents that further extensions of time will probably be necessary to complete discovery in this litigation.  However, the March 31, 1995, dates for the completion of the depositions of plaintiff and Dr. Kruzel are to remain firm.  With these dates established, the court considers the issues here presented.

1.  Quashing of Notices of Depositions

In its order of January 12, 1995, the court directed, inter alia, that the depositions of plaintiff and Dr. Kruzel be taken in Nevada.  Document 60.  Plaintiff has now forwarded six notices of depositions of other purported agents of AANP.  Each of these parties resides in either Washington, Oregon, or California.

The court herewith grants the motion to quash these notices of depositions.  If plaintiff subsequently desires to depose these individuals, he may do so by arranging to complete their depositions at the places whereat the witnesses reside and/or practice their professions.

_____

[2]While the court was preparing this order, it received a response to plaintiff's objection filed by defendants Timberlake, Sensenig, and Institute for Naturopathic Medicine.  Document 68. In general, this pleading supports the position of the defendant AANP.

2

## 2. Expenses of Dr. Kruzel

Counsel for defendant AANP points out that the court omitted, in its previous order, to state whether the expenses attendant on the appearance of Dr. Kruzel in Nevada for his deposition should be paid by plaintiff. The court, exercising its discretion, herewith directs that such expenses shall be paid by the plaintiff. 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2112, at 74, 75 (West 1994).

## 3. Dates for Completion of Depositions

The depositions of plaintiff and Dr. Kruzel are to be taken on either March 27, March 28, or March 29, 1995. This will allow the depositions to be completed by the current deadline of March 31, even though further extensions of that deadline may be necessary for additional discovery.

## 4. The Order of Depositions

As the party bearing the burden of proof, the plaintiff is to be deposed prior in time to Dr. Kruzel.

## 5.  Legal Assistance

The "pro se" statute, 28 U.S.C. § 1654,[3] does not permit parties in a <u>civil</u> litigation to enjoy the luxury of hybrid representation.  <u>MOVE Org. v. Philadelphia</u>, 89 F.R.D. 521, 523 n.1 (E.D. Pa. 1981); <u>Brasier v. Jeary</u>, 256 F.2d 474 (8th Cir.), <u>cert. denied</u>, 358 U.S. 867, <u>reh'g denied</u>, 358 U.S. 923 (1958).[4] They may opt to appear pro se <u>or</u> by counsel, but a choice must be

---

[3]28 U.S.C. § 1654 provides:

> In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

[4]Plaintiff's citations to <u>Urciolo v. Urciolo</u>, 449 A.2d 287 (D.C. App. 1982), <u>overruled on other grounds</u>, <u>In re Estate of Chuong</u>, 623 A.2d 1154, 1160 (D.C. App. 1993); <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124 (1st Cir. 1985), <u>cert. denied</u>, 476 U.S. 1172 (1986); and <u>United States v. Dougherty</u>, 473 F.2d 1113 (D.C. Cir. 1972), are unpersuasive.  In <u>Urciolo</u> it was held that a nonfederal court abused its discretion in so interpreting its own civil rules as to bar appearance of counsel for the limited purpose of arguing a motion in behalf of an otherwise pro se plaintiff, with such argument to be immediately followed by withdrawal of such appearance.  <u>Andrews</u> concerned the problem of a civil rights plaintiff who had retained and fired numerous attorneys and contended subsequently that he had been denied the assistance of counsel.  <u>Dougherty</u> concerned the right of a criminal defendant to proceed pro se with "backup" counsel to be appointed if necessary.

Plaintiff also cites "<u>Brown v. United States</u>, 538 F.2d 1214."  No such case appears at this citation.  <u>United States v. Dinitz</u> (5th Cir. 1976), does appear at such citation, and it concerned rulings in a criminal case denying reinstatement of defense counsel who had been removed for misconduct at a prior trial.

4

made.  Accordingly, if plaintiff here desires the assistance of counsel at his deposition and that of Dr. Kruzel, such counsel must file an appearance in this court, accompanied by a proper motion pro hac vice in accordance with the rules of this court.

6.  Conclusion

The motion of defendant AANP has been granted as set forth in the body of this order.  When the depositions of plaintiff and Dr. Kruzel have been completed, if any of the parties desire further discovery, they should earnestly try to reach agreement concerning the scope of and time for completion of that discovery.  Requests for further extensions of time to complete discovery will not be unreasonably denied on a showing of probable cause for such extensions.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 13, 1995

cc:  Donald C. Hayhurst, pro se
     Gary M. Burt, Esq.
     Paul R. Kfoury, Esq.
     Robert A. Backus, Esq.

5