PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/22/99
THOMAS  K. KAHN
CLERK

No.  98-4860
Non-Argument Calendar

D. C. Docket No. 92-222-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO DEJESUS GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(July 22, 1999)**

Before ANDERSON, Chief Judge, and TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

In December 1993, appellant, having pled guilty to a two-count indictment charging him with conspiracy to possess with intent to distribute cocaine and the substantive possession offense, was sentenced to concurrent terms of 151 months' imprisonment and five years supervised release. He did not appeal his sentences and is presently incarcerated.

In May 1996, appellant moved the district court pursuant to 28 U.S.C. § 2255 (1994) to vacate his sentences, contending that he had received ineffective assistance of counsel from his trial attorney because, at his sentencing hearing, his attorney failed (1) to seek an adjustment of his base offense level to reflect a mitigating role in the offense and (2) to argue that the amount of cocaine involved in the conspiracy (which the court used to establish appellant's base offense level) was not reasonably foreseeable to appellant. The court denied appellant's motion, and he did not appeal its ruling.

In May 1998, appellant returned to the district court, this time with a petition for a writ of error coram nobis. See 28 U.S.C. § 1651(a) (1994). In his petition, appellant asked the court to vacate his sentence, and grant a new sentencing hearing, on the ground that, at in fashioning his sentences, the court erroneously enhanced his base offense level for obstruction of justice. The court denied the writ, whereupon appellant lodged this appeal.

Coram nobis relief is unavailable to a person, such as the appellant, who is still in custody. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). Accordingly, the district court properly denied appellant's application for the writ. The question arises as to whether we could treat appellant's application as a motion for relief under 28 U.S.C. § 2255 (since it seeks the precise relief that § 2255 affords). A recent amendment to 28 U.S.C. § 2244(b)(3)(A) (West Supp. 1998), however, precludes us from doing so.

As noted, appellant has already made one § 2255 attack on his sentence; thus, his application for coram nobis relief, if treated as a motion filed pursuant to § 2255, would be successive. Section 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub L. No. 104-132, 110 Stat. 1214, 1220-21, provides that a successive § 2255 petition may not be filed in the district court without leave of the court of appeals. Such leave may be granted only if:

(A) the applicant shows that [his] claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) if the factual predicate for the claim could not have been discovered through due diligence; and

3

(ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (West Supp. 1998).

Because appellant does not seek leave to file a successive § 2255 motion, we treat his application to the district court as an application for a writ of coram nobis. Because the district court properly denied the application, we affirm its judgement.

AFFIRMED.