[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14402
Non-Argument Calendar

_____

D. C. Docket No. 92-06138-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLANDO KEITH CHAFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 12, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Olando Keith Chaff, a federal prisoner proceeding <u>pro se</u>, appeals the district

court's order denying his petition for a writ of error coram nobis, which was brought pursuant to 28 U.S.C. § 1615(a). On appeal, Chaff challenges the sufficiency of the indictment underlying his criminal conviction and the sufficiency of the factual basis as to his guilty plea, and argues that these are jurisdictional errors of a fundamental character. He also contends that the doctrine of procedural default should not bar his petition. The district court denied Chaff's petition because it found that he was still in custody and, in the alternative, because he should have raised his claims in his previous 28 U.S.C. § 2255 motion.

We review the denial of coram nobis relief for abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). A writ of error coram nobis is only appropriate when other relief is unavailable. Id. Coram nobis relief is therefore "limited to cases in which no statutory remedy is available or adequate." United States v. Brown, 117 F.3d 471, 474-75 (internal quotations omitted). Issuance of the writ is only proper when "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989).

Because federal prisoners may make use of the statutory remedy of 28 U.S.C. § 2255, coram nobis relief is unavailable to them. United States v. Garcia, 181 F.3d

2

1274, 1274 (11th Cir. 1999) ("Coram nobis relief is unavailable to a person, such as the appellant, who is still in custody."). This Court has construed a petition for the writ of error coram nobis as a § 2255 petition when the petitioner was still in custody. Brown, 117 F.3d at 475. However, we have refused to construe an application for coram nobis relief as a § 2255 motion when the appellant has already filed one § 2255 motion and has not sought leave to file a successive motion. Garcia, 181 F.3d at 1275.

In this case, Chaff has already filed a § 2255 motion and has not obtained leave to file a successive motion. Chaff was in custody when he filed his motion and remains in custody today. Therefore, he is not entitled to coram nobis relief. Additionally, under Garcia, the district court could not construe his petition as a § 2255 motion because he did not obtain permission from this Court to file a successive motion. Chaff's argument that the "in custody" bar may be overcome by alleging a jurisdictional error is without merit. We therefore do not discuss the district court's alternative holding, nor do we address whether Chaff alleged jurisdictional errors of a fundamental character. Accordingly, the judgment of the district court is

**AFFIRMED.**