[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-11217
Non-Argument Calendar

_____

D. C. Docket No. 05-14022-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK PROCTOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 29, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Mark Proctor appeals his conviction on one count of promotion

and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(3)(B). For the first time on appeal, Proctor argues that his conviction should be overturned because this court, in *United States v. Williams*, 444 F.3d 1286 (11th Cir. 2006), *rev'd*, 128 S. Ct. 1830 (2008), held that the statute under which he was convicted, 18 U.S.C. § 2252A(a)(3)(B), was unconstitutionally overbroad and vague.

Ordinarily, "[w]e review a challenge to the constitutionality of a statute de novo." *United States v. Knight*, 490 F.3d 1268, 1270 (11th Cir.), *cert. denied*, 128 S. Ct. 547 (2007). However, where, as here, a defendant does not challenge the constitutionality of a statute in the district court, we review such challenges for plain error. *See United States v. Smith*, 459 F.3d 1276, 1282-83 (11th Cir. 2006). "Under the plain error standard, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1283 (quotation omitted). If these criteria are met, a court of appeals has the discretion to correct the error, but "should" correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993) (quotation and alteration omitted).

Section 2252A(a)(3)(B) of Title 18 provides that any person who knowingly

advertises, promotes, presents, distributes, or solicits through the mails, or in interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains--

> (i) an obscene visual depiction of a minor engaging in sexually explicit conduct; or
>
> (ii) a visual depiction of an actual minor engaging in sexually explicit conduct; . . .

shall be imprisoned not less than 5 and not more than 20 years. 18 U.S.C. § 2252A(a)(3)(B), (b)(1).

In *Williams*, we held that § 2252A(a)(3)(B) was facially unconstitutional because it was both substantially overbroad and impermissibly vague, and we reversed Williams's conviction under the statute. *Williams*, 444 F.3d at 1308-09. The Supreme Court reversed, concluding that § 2252A(a)(3)(B) was neither substantially overbroad nor impermissibly vague. *See Williams*, __ U.S. at ___, 128 S. Ct. at 1838-47 (2008). On remand from the Supreme Court, we affirmed "Williams's conviction and sentence for pandering child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B)." *United States v. Williams*, 534 F.3d 1371 (11th Cir. 2008).

Because the Supreme Court has held that § 2252A(a)(3)(B) is constitutional, we affirm Proctor's conviction.

**AFFIRMED.**

3