[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17054
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 89-00233-CR-T-15

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENT BLUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2009)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Kent Blue, a federal prison inmate proceeding pro se, appeals the district

court's order denying his motion for writ of error <u>coram nobis</u>. He argues that his sentence was improperly enhanced based on a conviction for simple possession of cocaine.

We review the denial of <u>coram nobis</u> relief for abuse of discretion. <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000). Federal courts may issue a writ of error <u>coram nobis</u> under the All Writs Act, 28 U.S.C. § 1651(a), which states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." <u>United States v. Mills</u>, 221 F.3d 1201, 1203 (11th Cir. 2000); 28 U.S.C. § 1651(a). The bar for <u>coram nobis</u> relief is high, and the writ may issue only when (1) "there is and was no other available avenue of relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular or invalid." <u>Alikhani</u>, 200 F.3d at 734 (citation and internal quotations omitted). Because federal prisoners, like Blue, may make use of the statutory remedy of 28 U.S.C. § 2255, <u>coram nobis</u> relief is unavailable to them. See <u>United States v. Garcia</u>, 181 F.3d 1274, 1274 (11th Cir. 1999) ("<u>Coram nobis</u> relief is unavailable to a person, such as the appellant, who is still in custody."); <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997).

In affirming the district court for this reason, we note in passing that the court correctly concluded that Blue's <u>coram nobis</u> motion should not be treated as a § 2255 motion, because Blue had already filed a § 2255 motion and had not obtained from this court leave to file a successive § 2255 motion, as required by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1220-21.  <u>See</u> <u>Garcia</u>, 181 F.3d at 1275.

AFFIRMED.