[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2010
JOHN LEY
CLERK

No. 09-13109
Non-Argument Calendar

_____

D. C. Docket No. 94-00302-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL CHAVARRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Rafael Chavarry, a federal prisoner proceeding pro se, appeals the district court's order denying his petition for a writ of error or a writ of *audita querela*, brought pursuant to 28 U.S.C. § 1651. Chavarry contends his original conviction of money laundering should be vacated because the Supreme Court's decisions in *United States v. Santos*, 128 S. Ct. 2020 (2008), and *Regalado Cuellar v. United States*, 128 S. Ct. 1994 (2008), subsequently redefined the elements of money laundering such that he was convicted based upon conduct that is no longer defined as criminal. He further contends his original guilty plea has thus been rendered involuntary by these cases. Broadly construing his pro se brief, Chavarry contends the district court erred by failing to grant a writ of *audita querela* or a writ of *coram nobis* to vacate his conviction.[1]

"We review *de novo* the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela*." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). We review "a denial of *coram nobis* relief for abuse of discretion." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

---

[1] We do not treat Chavarry's petition as a motion filed pursuant to § 2255 because any such motion would be successive and Chavarry has not sought leave to file a successive petition under 28 U.S.C. § 2255(h). *See United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir. 1999) (deciding not to treat appellant's petition for a writ of *coram nobis* as a motion pursuant to § 2255 when such motion would be considered successive).

The All Writs Act, 28 U.S.C. § 1651(a), grants federal courts the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act, however, "does not authorize [courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Pa. Bureau of Corr. v. U.S. Marshals Serv.,* 106 S. Ct. 355, 361 (1985). In *Holt,* we held that a writ of *audita querela*, "an ancient writ used to attack the enforcement of a judgment after it was rendered," can be granted only when relief is not "cognizable under § 2255." *Holt*, 417 F.3d at 1174–75. Similarly, in *Alikhani*, we held that a writ of *coram nobis*, another post-conviction writ, may only be issued when: (1) "there is and was no other available avenue of relief"; and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani,* 200 F.3d at 734 (quotation omitted).

We conclude that the district court did not err in denying Chavarry's petition. At the time he filed his petition, Chavarry was in custody and thus could have collaterally attacked his conviction under 28 U.S.C. § 2255.[2] In fact,

---

[2] Although Chavarry was serving a sentence for an unrelated drug conviction, he also faced a consecutive sentence of 15 months' imprisonment for revocation of his supervised release relating to his money laundering offense. For purposes of § 2255, Chavarry is considered in custody for both offenses. *See Garlotte v. Fordice*, 115 S. Ct. 1948, 1949–50

Chavarry did raise identical claims in a prior § 2255 petition. Because Chavarry was able to seek relief under § 2255, the district court did not err by holding that the writs of *audita querela* and *coram nobis* were unavailable. Accordingly, we affirm.

**AFFIRMED.**

---

(1995) (holding that a prisoner serving consecutive sentences is considered in custody under each sentence); *United States v. Woods*, 127 F.3d 990, 992–93 (11th Cir. 1997) (holding that a sentence imposed for revocation of supervised release "constitutes part of a defendant's original sentence").