[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14079
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 92-00213-CR-T-15-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AVILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Jose Aviles, a federal prisoner proceeding pro se, was convicted in 1992 of

conspiracy to possess with intent to distribute more than five kilograms of cocaine,

in violation of 21 U.S.C. § 846. Because Aviles had two prior state felony drug convictions, he received a mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. Aviles appeals the district court's denial of his petition for a writ of error coram nobis and his motion for appointment of counsel, as well as the court's order denying Aviles's motion for reconsideration of those issues.

Aviles contends that the district court improperly enhanced his sentence based on a 1974 state conviction which he says was expunged. Aviles, who is not fluent in English, also contends that his federal sentencing proceeding was unconstitutional because he did not have access to a Spanish interpreter.[1] We review the denial of coram nobis relief only for an abuse of discretion. United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002) (quotation omitted). We also review an order on a motion for reconsideration only for an abuse of discretion. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

In criminal matters, federal courts have the authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). United States v. Mills,

---

[1] Aviles also makes several other arguments for the first time on appeal: (1) he was denied effective assistance of counsel at the time of his arrest; (2) his Fifth and Sixth Amendment rights were violated when prosecutors withheld critical information; (3) he was denied the opportunity to cross-examine government witnesses and present a viable defense; and (4) he was unconstitutionally entrapped by the government. This Court generally will not consider issues raised for the first time on appeal, and Aviles has not shown that failure to make an exception in his case would result in a miscarriage of justice. See Sanders v. United States, 740 F.2d 886, 888 (11th Cir. 1984).

221 F.3d 1201, 1203 (11th Cir. 2000). "The bar for coram nobis relief is high," and the writ may issue only when (1) "there is and was no other available avenue of relief" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (quotations omitted). Coram nobis relief is unavailable to a person who is in custody, because he has access to the statutory remedies of 28 U.S.C. § 2255. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). Because Aviles remains in custody, the district court did not abuse its discretion in denying his petition. Moreover, the district court properly refused to construe his coram nobis petition as a motion for relief under § 2255, because Aviles previously filed an unsuccessful § 2255 motion and he has not sought leave under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive motion. See United States v. Garcia, 181 F.3d 1274, 1274–75 (11th Cir. 1999).

Aviles also argues that the district court abused its discretion in denying his motion for appointment of counsel in connection with his coram nobis petition. A district court's decision not to appoint counsel in a postconviction collateral proceeding is reviewed for abuse of discretion. See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009). We have "consistently held that there is no federal

3

constitutional right to counsel in postconviction proceedings." Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006). "Counsel must be appointed for an indigent federal habeas petitioner only when the interests of justice or due process so require." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). When a postconviction petition lacks merit, the district court may properly decide not to appoint counsel. See id. Because Aviles had no entitlement to counsel and has not shown that the interests of justice or due process required the appointment of counsel, we conclude that the district court did not abuse its discretion in denying Aviles's request.

**AFFIRMED.**