[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11243
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:03-cr-14028-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR JOE SEARCY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2011)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Edgar Searcy, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his post-conviction pleadings to (i) renew his application for

assignment of counsel and motion for writ of habeas corpus ad testificundum, (ii) move for writ of error coram nobis or writ of audita querela, and (iii) resubmit a previous motion for adjudication as a writ of error coram nobis. Prior to the filing of these motions, Searcy pled guilty in 2003 to one count of use of a facility or means of interstate commerce to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2422(b). Searcy was sentenced to a term of 180 months' imprisonment, followed by a 3-year term of supervised release. Searcy subsequently filed a motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, which the district court dismissed. Searcy filed a motion for a certificate of appealability, with respect to the dismissal of his § 2255 motion, which both the district court and this Court denied. Searcy also filed other post-conviction motions, which the district court denied.

Searcy then filed the instant pro se pleadings, arguing that the district court lacked subject matter and personal jurisdiction over his conviction and sentence. In particular, Searcy challenged (1) his underlying conviction on the basis that the district court lacked personal jurisdiction over him because he did not physically set foot in the Southern District of Florida during the conduct alleged in the indictment, and (2) his sentence on the basis that the court exceeded its subject matter jurisdiction when it sentenced him to a term of imprisonment in excess of

the statutory maximum for his crime of conviction. The district court denied all of Searcy's motions. On appeal, Searcy argues that the district court erred in failing to address the challenges he raised to the court's subject matter and personal jurisdiction.

Our review of questions concerning the district court's jurisdiction is plenary. United States v. Maduno, 40 F.3d 1212, 1215 (11th Cir. 1994). We review de novo whether a prisoner may challenge his conviction and sentence by filing a motion for a writ of audita querela. United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). We review the denial of a writ of coram nobis for abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Post-conviction relief is available to a federal prisoner under 28 U.S.C. § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Furthermore, a federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move

3

the court of appeals for an order authorizing the district court to consider such a motion. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

Certain common-law writs may be used to "fill the interstices of the federal post-conviction remedial framework." Holt, 417 F.3d at 1175 (quotation omitted). However, a "writ of audita querela may not be granted when relief is cognizable under § 2255," regardless of whether a § 2255 motion would have succeeded. Id. In addition, a writ of coram nobis is unavailable to federal prisoners. See United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) ("Coram nobis relief is unavailable to a person, such as the appellant, who is still in custody.").

After thorough review of the record and the parties' briefs, we affirm the dismissal of the instant pleadings. Searcy's jurisdictional challenges to his conviction and sentence are cognizable under 28 U.S.C. § 2255(a). In addition, Searcy has already filed, and had dismissed, a motion to vacate his sentence under § 2255. Therefore, the district court did not err in finding that Searcy's use of the writ of audita querela and writ of coram nobis was an attempt to circumvent the requirement in § 2255(h) that he seek authorization from this Court to file another § 2255 motion. See 28 U.S.C. § 2255(h).

**AFFIRMED.**