[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13845
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23293-DMM


RAFAEL CHAVARRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 30, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael Chavarry appeals pro se the denial of his petition for a writ of error coram nobis under the All Writs Act.  28 U.S.C. § 1651.  We affirm.

Chavarry pleaded guilty in 1994 to money laundering, and while serving a sentence of imprisonment following the revocation of his supervised release, filed a series of postconviction challenges.  In 2002, Chavarry moved to vacate his sentence, but the district court denied that motion on the merits.  See 28 U.S.C. § 2255.  In 2008, Chavarry moved, without success, to vacate his conviction on the ground that the decisions of the Supreme Court in United States v. Santos, 553 U.S. 507, 128 S. Ct. 2020 (2008), and Cuellar v. United States, 553 U.S. 550, 128 S. Ct. 1994 (2008), had redefined the elements of money laundering in such a manner that he was convicted based on conduct that was no longer defined as criminal.  See 28 U.S.C. § 2255.  Undeterred, Chavarry repeated the same argument for relief in a petition for a writ of audita querela or error coram nobis, the denial of which we affirmed on appeal, United States v. Chavarry, 376 Fed. App'x 928 (11th Cir. 2010).  In the meantime, Chavarry was released from custody.

In 2011, Chavarry filed the petition for a writ of audita querela or error coram nobis that is the subject of this appeal.  Chavarry again argued for relief under Santos and Cuellar, and he argued that the district court lacked subject matter jurisdiction to accept his plea of guilty because his indictment failed to

2

allege that he interfered with interstate commerce.  The district court ruled that the writ of audita querela was unavailable because "section 2255 provided an avenue to challenge [Chavarry's] conviction."  The district court also ruled that the writ of coram nobis was unavailable for Chavarry to relitigate his argument about <u>Santos</u> or to challenge his indictment on a ground that he could have "pursue[d] . . . either on direct appeal or in a prior section 2255 motion."

The district court did not abuse its discretion.  A writ of coram nobis is available only when "there is and was no other available avenue of relief" and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000).  Because Chavarry could have challenged his indictment in an earlier proceeding, and he could have raised his argument about <u>Santos</u> in a prior petition, the writ of coram nobis is unavailable.

We **AFFIRM** the denial of Chavarry's petition.