[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14675
Non-Argument Calendar
_____

D.C. Docket Nos. 0:12-cv-60614-WPD; 0:09-cr-60245-WPD-6


RAFAEL FERNANDEZ GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

No. 13-14677
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61959-WPD


RAFAEL FERNANDEZ GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 26, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Rafael Garcia, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his habeas corpus petition, which he brought under 28 U.S.C.

§ 2241 after having already filed a motion for relief under 28 U.S.C. § 2255.  He

challenges his 292-month sentence, asserting that it was imposed in violation of his

Sixth Amendment rights as interpreted in Alleyne v. United States, — U.S. —, 133

S.Ct. 2151 (2013).  He also contends that the district court wrongly denied his

request for coram nobis relief and his application for a writ of audita querela.[1]

A federal prisoner seeking to collaterally attack the validity of his sentence

generally must do so by filing a motion under 28 U.S.C. § 2255.  Sawyer v.

_____

[1] We review de novo whether Garcia was entitled to seek habeas relief under § 2241 and whether he was entitled to a writ of audita querela.  Williams v. Warden, 713 F.3d 1332, 1337 (11th Cir. 2013); United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005).  We review the district court's denial of a writ of coram nobis for an abuse of discretion.  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).

2

Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  If he fails to obtain relief under § 2255, the prisoner may challenge his sentence under 28 U.S.C. § 2241 in limited circumstances.  See id.  To proceed under that provision, a prisoner must satisfy a stringent jurisdictional test by showing that § 2255 was "inadequate or ineffective to test the legality of his detention."  See Bryant v. Warden, 738 F.3d 1253, 1274 (11th Cir. 2013) (quotation marks omitted).  That jurisdictional test has five elements:  (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our binding precedent had specifically and squarely foreclosed the claim raised in his § 2241 petition; (2) after his first § 2255 proceeding, the Supreme Court overturned our binding precedent; (3) the Supreme Court's decision overturning our precedent applies retroactively on collateral review; (4) because of the Supreme Court's retroactively applicable decision, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.  See id.; see also Jeanty v. Warden, No. 13-14931, — F.3d —, 2014 WL 3673382, at *1 (11th Cir. July 22, 2014).

    In this case, Garcia cannot meet the third Bryant element:  that the Supreme Court decision on which his claim relies applies retroactively on collateral review.  See Bryant, 738 F.3d at 1274.  Asserting that his sentence is unlawful, Garcia relies exclusively on the Supreme Court's 2013 decision in Alleyne v. United States, — U.S. —, 133 S.Ct. 2151 (2013).  But we recently held that Alleyne does

3

not apply retroactively on collateral review. See Jeanty, 2014 WL 3673382, at *2 (noting that the § 2241 petitioner "does not meet Byrant's third requirement because Alleyne does not apply retroactively on collateral review"). Therefore, Jeanty forecloses Garcia's claim, and the district court correctly dismissed his § 2241 petition.

The district court also did not abuse its discretion in denying Garcia a writ of coram nobis, and it did not err when it denied him a writ of audita querela. "Coram nobis relief is unavailable to a person . . . who is still in custody," United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999), and it is undisputed that Garcia is still in custody. A writ of audita querela is unavailable when a prisoner's claim is of the type that is cognizable under § 2255. Holt, 417 F.3d at 1175. Garcia's claim — that his sentence was imposed in violation of his Sixth Amendment rights — is of the type cognizable under § 2255. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Therefore, he is not entitled to a writ of audita querela.

**AFFIRMED.**

4