[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12564
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-14022-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK PROCTOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 20, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Mark Proctor, a federal prisoner proceeding pro se, appeals the district court's denial of his coram nobis motion to compel specific performance of his plea agreement.  However, Proctor was not entitled to coram nobis relief because he is a federal prisoner, and he was not entitled to habeas corpus relief under 28 U.S.C. § 2255 because he has already filed one § 2255 motion and has not sought authorization for a second or successive motion.  Thus, we affirm the district court.

## I.

In 2005, a grand jury indicted Proctor for three counts of promotion, distribution, and possession of child pornography in violation of 18 U.S.C. § 2252A.  Proctor signed a written plea agreement with the government, the terms of which provided that he would plead guilty to one count in exchange for the government dropping the other two counts and recommending a two-level sentence reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility and a one-level reduction for timely entering the plea under § 3E1.1(b).  His prison sentence would be followed by a term of supervised release of not more than three years.

Proctor pleaded guilty to one count of promotion and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B) before the district court following a plea colloquy.  The court allowed Proctor to remain out on bond but warned him to comply with the conditions of his bond and to stay in touch with his lawyer and court authorities.  Proctor did not appear for sentencing, and the court

issued a warrant for his arrest.  After Proctor was arrested, a Presentence

Investigation Report (PSI) was prepared that did not allow any reductions for

responsibility and added two levels for obstruction of justice, since Proctor

absconded from the supervision of his pretrial services officer.  Proctor's advisory

guidelines range was 151 to 188 months' imprisonment, with a statutory range of 5

to 20 years.  The district court sentenced Proctor to 151 months' imprisonment and

10 years' supervised release.[1]

In 2009, Proctor moved to vacate under 28 U.S.C. § 2255, and a magistrate

judge recommended the motion be denied in its entirety.  The district court adopted

the magistrate judge's report and recommendation and denied Proctor's motion.  In

2012, the district court denied Proctor's certificate of appealability, as did this

court.  Proctor moved for reconsideration of our order denying his motion for a

certificate of appealability, but we denied the motion, finding that he offered no

new evidence or arguments of merit warranting relief.

In 2013, Proctor, proceeding pro se, moved the district court to compel

specific performance of the plea agreement or to be allowed to withdraw his plea.

The motion was captioned as seeking coram nobis relief under 28 U.S.C. § 1651

and Federal Rule of Civil Procedure 60(b), and Proctor noted that he was "forced

---

[1] Proctor appealed his sentence to this court, arguing that § 2252A(a)(3)(B) was unconstitutionally vague.  *See United States v. Proctor*, 298 F. App'x 832, 832 (11th Cir. 2008) (per curiam).  We affirmed, noting the Supreme Court had already held that the statute was constitutional.  *Id.* at 833.

to file this instant motion under coram nobis in order to prevent a miscarriage of justice and manifest injustice" because of this court's refusal to grant a certificate of appealability.

Proctor argued that the government breached the plea agreement by not recommending the two-level reduction for acceptance of responsibility and the one-level reduction for timely entering the plea; by not recommending a sentence at the low end of the guidelines; and by not arguing to the district court that the plea agreement estopped any enhancements in the PSI and that the plea agreement erroneously stated that the maximum sentence of supervised release was three years. He also made an ineffective assistance claim. In response, the government averred that coram nobis relief was unavailable and that Proctor breached the plea agreement by failing to show up to his sentencing hearing.

The district court noted it would not consider the merits of Proctor's ineffective assistance claim, which had already been raised in his earlier § 2255 motion. As for Proctor's other arguments, the district court concluded that Proctor's failure to appear voided any prior agreement he had with the government. Further, Proctor had acknowledged in the plea agreement that the court had the authority to impose any sentence up to the statutory maximum and that he could not withdraw the plea solely as a result of the sentence imposed. Nonetheless,

4

Proctor received the benefit of his plea agreement, since he was sentenced at the low end of the advisory guidelines range.

Proctor filed a motion in response to the order, which the district court construed as a motion for reconsideration. The court denied the motion, concluding that Proctor had not shown a manifest error of law or fact, nor had he presented any newly discovered evidence. This appeal ensued.

## II.

We review the denial of coram nobis relief for abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam). "[A] writ of error coram nobis is an extraordinary writ, limited to cases in which no statutory remedy is available or adequate." *United States v. Brown*, 117 F.3d 471, 474–75 (11th Cir. 1997) (internal quotation marks omitted). Further, "the writ may issue only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (internal quotation marks omitted).

Because federal prisoners may seek relief under 28 U.S.C. § 2255, coram nobis relief is unavailable to them. *See United States v. Garcia*, 181 F.3d 1274, 1274–75 (11th Cir. 1999) (per curiam). However, "pro se applications for post-conviction relief are to be liberally construed," and we have held that a pleading

erroneously styled as a coram nobis petition may be treated as a § 2255 motion. *Brown*, 117 F.3d at 475.

On appeal, Proctor argues that he is wrongfully incarcerated because the district court allowed him to plead guilty to an offense for which he was not indicted, because the government breached his plea agreement when it did not recommend a three-level sentencing reduction, and because his term of supervised release exceeded the term he agreed to in his plea agreement. A motion under § 2255 "may be used to enforce promises made in a plea agreement," the relief Proctor seeks here. *See United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008) (per curiam). However, if a prisoner brings a § 2255 motion, he cannot bring a second or successive motion unless authorized by a panel of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Garcia*, 181 F.3d at 1275. Here, Proctor has already filed one § 2255 motion, and he has not received this court's permission to bring a successive motion.

Thus, the district court did not abuse its discretion in denying Proctor's motion for coram nobis relief; Proctor was not entitled to coram nobis relief as a federal prisoner, and he had an adequate remedy under § 2255. *See Garcia*, 181 F.3d at 1274–75. Nor could Proctor's motion be construed as a § 2255 motion, since Proctor has already filed one § 2255 motion and has not received authorization to bring another motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Garcia*, 181

F.3d at 1275.  Upon review of the record and consideration of the parties' briefs,

we affirm.

**AFFIRMED.**