[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13382
Non-Argument Calendar

_____

D.C. Docket No. 4:03-cr-00045-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAS RAHIM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 29, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ras Rahim, a federal prisoner currently serving a total sentence of 481 months' imprisonment, appeals from the district court's denial of his pro se petition for a writ of error *coram nobis*.  On appeal, Rahim argues that the district court erred by denying his petition because he was not considered "in custody" on his challenged sentence pursuant to 18 U.S.C. § 924(c).

Although this appeal concerns the denial of Rahim's petition for a writ of error *coram nobis*, we briefly review relevant earlier proceedings involving Rahim to place his appeal into context.

In 2004, Rahim was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); theft of a motor vehicle by force and intimidation, in violation of 18 U.S.C. § 2119; and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  Rahim was sentenced to a total term of imprisonment of 481 months, which consisted of 97 months as to Counts 1 and 3, to run concurrently; 84 months as to Count 2, to be served consecutively to Counts 1 and 3; and 300 months as to Count 4, to be served consecutively to Counts 1, 2, and 3.

Rahim appealed, and this Court affirmed his convictions and sentences.  The Supreme Court denied certiorari.

In 2007, Rahim filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The district court denied Rahim's § 2255 motion on the merits.  Rahim then filed a motion to alter judgment, which the district court denied.

Rahim subsequently filed several other motions seeking to amend or file additional § 2255 motions.  All were denied, and no certificates of appealability were granted.

In July 2017, Rahim filed the instant *pro se* petition for a writ of error *coram nobis*, seeking to vacate his § 924(c) convictions based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).  Rahim argued that a writ of error *coram nobis* was the proper vehicle because he sought relief from issues that rendered his proceedings irregular or invalid.  He argued that we erred in denying his applications to file second or successive § 2255 motions.  Rahim also argued that he was not currently "in custody" for his second § 924(c) conviction because he had not yet started serving that sentence.  He further contended that this was his only remedy because this Court made an error in his previous proceedings.

The district court denied Rahim's petition for a writ of error *coram nobis*.  It determined that Rahim was not entitled to *coram nobis* relief because he remained in federal custody.  The district court rejected Rahim's position to the contrary

because Rahim was still in custody on at least one of his sentences. Instead, the district court concluded that Rahim must pursue his claims under § 2255. But the district court declined to construe Rahim's petition as a § 2255 motion because Rahim had already filed one § 2255 motion that had been denied, and he had not received permission from this Court to file a second or successive § 2255 motion.

Rahim now appeals the district court's denial of his petition for a writ of error *coram nobis*.

We review a district court's denial of a petition for a writ of error *coram nobis* for an abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts the authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). Conversely, where a petitioner is still "in custody," he is not entitled to *coram nobis* relief. *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999). The Supreme Court has held that where a prisoner is serving consecutive sentences, he is considered "in custody" under each sentence. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).

4

Here, the district court did not abuse its discretion by denying Rahim's petition for writ of error *coram nobis*. Because Rahim is still in federal custody serving consecutive sentences, *coram nobis* relief is unavailable to him. Accordingly, we affirm.

**AFFIRMED.**