[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11177
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00509-LMM

JERMAINE PADGETT,

                                                    Petitioner - Appellant,

versus

WARDEN, USP ATLANTA,

                                                    Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 14, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jermaine Padgett, a federal prisoner proceeding pro se, appeals from the

district court's dismissal of his 28 U.S.C. § 2241 petition arguing that his then-

mandatory life and "de-facto life" sentences violate the Eighth Amendment because they were imposed for a course of conduct that began when he was a juvenile. Padgett claims that the district court had jurisdiction over his § 2241 petition because it falls under the "saving" clause in 28 U.S.C. § 2255(e). He also argues that the district court should have granted his request to transfer his petition to the Western District of North Carolina, the court in which he was sentenced. After careful review, we affirm the district court's dismissal of Padgett's petition.

## I. STANDARDS

We review de novo whether a prisoner may bring a § 2241 petition under the saving clause of § 2255(e). McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc), cert denied sub nom. McCarthan v. Collins, 138 S. Ct. 502 (2017). We review the district court's denial of a motion for change of venue under 28 U.S.C. § 1404(a) for an abuse of discretion. England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988); see also Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991) ("Absent a clear abuse of discretion, an appellate court will not reverse a court's decision to transfer a case.").

## II. BACKGROUND

In 1994, Padgett was convicted of a number of federal crimes in the Western District of North Carolina. He was sentenced to life imprisonment for several

counts, as well as concurrent twenty-year sentences for two counts, a consecutive five-year sentence for one count, and consecutive twenty-year sentences for three counts. Padgett appealed, and the Fourth Circuit affirmed. In 2005, Padgett filed a § 2255 motion to vacate his sentence in the Western District of North Carolina. The district court dismissed the motion as time-barred, and the Fourth Circuit dismissed Padgett's appeal. See United States v. Padgett, 186 F. App'x 335, 335–36 (4th Cir. 2006) (per curiam) (unpublished).

Several years later, the Supreme Court decided Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), holding that the Eighth Amendment prohibits the imposition of a life without parole sentence on a juvenile offender for a nonhomicide crime, id. at 74–75, 130 S. Ct. at 2030, and Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), holding that the Eighth Amendment prohibits the imposition of a mandatory life without parole sentence on any juvenile offender, id. at 465, 132 S. Ct. at 2460. Padgett filed the present § 2241 petition on February 1, 2018. He argues that his sentence is unlawful after Graham and Miller because he was effectively sentenced to life imprisonment for conduct that began when he was seventeen. The magistrate judge recommended dismissing Padgett's § 2241 petition for lack of jurisdiction. Padgett failed to object to that recommendation, and the district court adopted it.

3

On appeal, Padgett argues that the district court possessed jurisdiction to consider his petition under the saving clause in 28 U.S.C. § 2255(e) because, prior to the Supreme Court's intervening decisions in Graham and Miller his claim was foreclosed by controlling precedent. Padgett also argues that the district court abused its discretion by denying his request to construe his § 2241 petition as a petition for a writ of error coram nobis in order to transfer it to the Western District of North Carolina, the court in which he was convicted and sentenced.

### III. DISCUSSION

Under § 2255, a federal prisoner who seeks to collaterally challenge his sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A § 2255 motion is the exclusive mechanism by which a federal prisoner may seek collateral relief unless he can satisfy the saving clause at the end of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. § 2255(e) (emphasis added); McCarthan, 851 F.3d at 1081. The applicability of the saving clause is a threshold jurisdictional issue. Brown v. Warden, FCC Coleman-Low, 817 F.3d 1278, 1283 (11th Cir. 2016). Thus, a district court does

4

not possess jurisdiction to consider a § 2241 habeas petition filed by a federal prisoner unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). It is the petitioner's burden to establish that § 2255 did not provide an adequate or effective remedy. McCarthan, 851 F.3d at 1081.

Even if a § 2241 petition falls under § 2255(e)'s saving clause, the § 2241 petition must be filed in the "district wherein the restraint complained of is had." 28 U.S.C. § 2241(a). In other words, jurisdiction over a § 2241 habeas petition challenging present confinement "lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 442–43, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513 (2004). Regarding Padgett's request to transfer his § 2241 petition, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Finally, federal courts have authority to issue a writ of error coram nobis under the All Writs Act. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000); see also 28 U.S.C. § 1651(a). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C.

5

§ 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). Coram nobis relief is unavailable to a person who is still in custody. United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) (per curiam).

Even assuming arguendo that Padgett's failure to object to the magistrate judge's report ("R&R") recommending dismissal of his petition is not fatal to his claims on appeal, the district court committed no error in dismissing his petition.[1] Padgett's claim that his § 2241 petition was authorized under § 2255(e)'s saving clause due to intervening changes in controlling precedent is foreclosed by our decision in McCarthan. In McCarthan, we held that a federal prisoner's § 2241 petition did not satisfy § 2255(e)'s saving clause even though intervening Supreme Court decisions overturned controlling precedent that previously foreclosed his claims: "Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." McCarthan, 851 F.3d at 1099. "We are bound to follow a prior precedent or en banc holding, except where that holding has been

---

[1] Generally, a party who fails to object to a magistrate judge's findings or recommendations contained in an R&R "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. But we reserve the right to review any waived challenge on appeal for plain error if necessary in the interests of justice. Id. Here, there is some question regarding whether Padgett was adequately warned of the consequences for failing to object to the R&R. Thus, we assume arguendo that Padgett has not waived his arguments on appeal.

overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision." Tobinick v. Novella, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998)).

Additionally, the district court did not abuse its discretion by denying Padgett's motion to transfer his § 2241 petition to the Western District of North Carolina or by failing to construe his petition as a petition for writ of error coram nobis. Padgett is currently confined in Georgia. Thus, the Western District of North Carolina is not a district in which his § 2241 petition "might have been brought" under § 1404(a). And Padgett is not eligible for coram nobis relief because he is presently incarcerated under the challenged sentences. See Garcia, 181 F.3d at 1274. Thus, the district court did not abuse its discretion by refusing to construe his § 2241 petition as a writ for error coram nobis in order to transfer the petition. For all of these reasons, we affirm the district court's dismissal of Padgett's petition.

AFFIRMED.